Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher B. Dalbey, Sr. Deputy District Attorney (SBN 285562)<br>1112 Santa Barbara Street, Santa Barbara, CA 93101<br><br>TELEPHONE NO.: (805) 568-2300          FAX NO. :<br>EMAIL ADDRESS: cdalbey@countyofsb.org<br>ATTORNEY FOR *(Name):* The People of the State of California | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>10/22/2024 2:13 PM<br>By: Naylea Calderon , Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA BARBARA
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: 1100 Anacapa Street
CITY AND ZIP CODE: Santa Barbara, CA
BRANCH NAME: Anacapa

CASE NAME:
The People of the State of California v. National CPR Foundation LLC et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)    [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24CV05905 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [x] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Seventeen
5. This case [ ] is [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 22, 2024

Christopher B. Dalbey
_____
(TYPE OR PRINT NAME)
▶
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
        relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| Print Form | Clear Form |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS):*     TELEPHONE NO.:
John T. Savrnoch, District Attorney                    805-568-2300
Christopher B. Dalbey, Sr. Deputy District Attorney (SBN 285562)
1112 Santa Barbara Street
Santa Barbara, CA 93101
ATTORNEY FOR *(NAME):*  The People of the State of California

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA**

☒ Santa Barbara–Anacapa    ☐ Santa Maria-Cook    ☐ Lompoc Division
   1100 Anacapa Street        312-C East Cook Street    115 Civic Center Plaza
   Santa Barbara, CA 93101    Santa Maria, CA 93454    Lompoc, CA 93436

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/22/2024 2:13 PM
By: Naylea Calderon , Deputy

PLAINTIFF:  The People of the State of California

DEFENDANT: National CPR Foundation LLC et al.

**CIVIL CASE COVER SHEET ADDENDUM**

CASE NUMBER:
24CV05905

Santa Barbara County Superior Court Local Rule, rule 201 divides Santa Barbara County geographically into two separate regions referred to as "South County" and "North County," the boundaries of which are more particularly defined in rule 201.  "South County" includes the cities of Carpinteria, Santa Barbara, and Goleta; "North County" includes the cities of Santa Maria, Lompoc, Buellton and Solvang.  A map depicting this geographical division is contained in Appendix 1 to the local rules.

Local Rule 203 provides: "When, under California law, 'North County' would be a 'proper county' for venue purposes, all filings for such matters shall be in the appropriate division of the Clerk's office in North County.  All other filings shall be made in the Clerk's office in the appropriate division of the Court in South County.  The title of the Court required to be placed on the first page of documents pursuant to CRC 2.111 includes the name of the appropriate Court division."

A plaintiff filing a new complaint or petition is required by Local Rule 1310 to complete and file this Civil Case Cover Sheet Addendum to state the basis for filing in North County or South County.

The undersigned represents to the Court:

This action is filed in  ☐  North County  ☒  South County  because venue is proper in this region for the following reason(s):

☐  A defendant resides or has its principal place of business in this region at:  _____

_____

☐  The personal injury, damage to property, or breach of contract that is claimed in the complaint occurred in this region at: _____

☐  There is a related case filed with the court in this region (e.g., the related personal injury action to a petition to transfer structured settlement payments) [identify case, including case number]: _____

_____

☒ Venue is otherwise proper in this region because [explain]:  the alleged violations occurred online, in the
 entire State of California, including in the City of Santa Barbara _____


Dated:  October 22, 2024          _____
                                                            *Signature of Plaintiff or Plaintiff's Counsel*

| Print Form | Clear Form |
|---|---|

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/22/2024 2:13 PM
By: Naylea Calderon , Deputy

JOHN T. SAVRNOCH
District Attorney of Santa Barbara County
Christopher B. Dalbey (SBN 285562)
Senior Deputy District Attorney
1112 Santa Barbara Street
Santa Barbara, CA 93101
Telephone: (805) 568-2300
Email: cdalbey@countyofsb.gov

MICHAEL A. HESTRIN
District Attorney of Riverside County
Lauren Dossey (SBN 244887)
Deputy District Attorney
Consumer Protection Unit
3960 Orange Street
Riverside, California 92501
Telephone: (951) 955-5400
Email: LaurenDossey@RivCoDA.org

*Attorneys for Plaintiff*                         *Filing Fee Exempt – Gov. Code § 6103*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA BARBARA

### ANACAPA DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL CPR FOUNDATION LLC, a Nevada Limited Liability Company; MICHAEL ANGELO PALADINO, an individual and Managing Member of NATIONAL CPR FOUNDATION LLC; and Does 1-50, inclusive, <br><br> Defendants. | Case No:  24CV05905 <br><br> **COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF** <br><br> **[*VERIFIED ANSWER REQUIRED Code Civ. Proc., § 446*]** |

        THE PEOPLE OF THE STATE OF CALIFORNIA, by and through its attorneys, JOHN T.

SAVRNOCH, District Attorney for the County of Santa Barbara, and MICHAEL A. HESTRIN, District

Attorney for the County of Riverside, acting on information and belief, allege as follows:

///

///

## **INTRODUCTION**

1.      Defendants National CPR Foundation LLC ("NCPRF") and Michael Angelo Paladino, the managing member of NCPRF, have operated, and continue to operate an online, computer-based certification program for cardiopulmonary resuscitation ("CPR") via the website "https://nationalcprfoundation.com/."

2.      The CPR certification program offered by NCPRF has been and is entirely online and does not include any in-person or hands-on training.

3.      Defendants have falsely represented to California consumers that NCPRF's CPR certification program "strictly adheres to the Occupational Safety and Health Administration's (OSHA) guidelines and meets the American Heart Association (AHA) Standards."

4.      NCPRF's CPR certification program does not "strictly adhere[] to the Occupational Safety and Health Administration's (OSHA) guidelines" because:

        a.   OSHA regulations require written and practical training for CPR;

        b.   OSHA issued an interpretation letter stating that online-only training does not meet the requirements of OSHA regulations; and

        c.   The AHA course intended to meet OSHA requirements includes a mandatory hands-on skills session conducted by an AHA Training Center instructor.

5.      Defendants have also falsely represented to California consumers that NCPRF's CPR certification program is "accredited."

6.       NCPRF has never been accredited by any third-party entity or agency.  NCPRF's "accreditation" was self-bestowed; NCPRF accredited itself.

7.      Defendants have also falsely represented to California consumers that NCPRF's CPR certificates are accepted by all employers who require their employees to be CPR certified.

8.      Multiple California consumers paid for NCPRF's CPR certification program only to learn that their employers would not accept a CPR certificate from a company that provided only online training without an in-person or hands-on component.

9.      The People, acting to protect the public from unlawful and unfair business practices, bring this action pursuant to Business and Professions Code section 17200 et seq., including sections

17203, 17204, and 17206; and Business and Professions Code section 17500 et seq.[1]  The People, by this action, seek to enjoin Defendants from engaging in false and deceptive advertising, as further alleged herein. The People also seek civil penalties for Defendants' violations of applicable statutes and regulations, and restitution of all monies wrongfully obtained from California customers.

## **DEFENDANTS**

10.     NATIONAL CPR FOUNDATION LLC ("NCPRF") is a Nevada Limited Liability Company (Entity No. E0108252014-8) doing business throughout the State of California, including Santa Barbara and Riverside Counties.

11.     MICHAEL ANGELO PALADINO ("PALADINO") is an individual and the sole Managing Member of Defendant NATIONAL CPR FOUNDATION LLC at all times relevant to this Complaint and, as such, engaged in, controlled, directed, authorized and/or ratified the unlawful conduct as set forth in this Complaint.

12.     PALADINO has final authority over the content, including text and images, on NCPRF's website: https://nationalcprfoundation.com/.

13.     Plaintiff is not aware of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Each fictitiously named defendant is responsible in some manner for the violations of the laws alleged herein.  Plaintiff will amend this Complaint to add the true names of the fictitiously named defendants once they are discovered.  Whenever reference is made in this Complaint to "defendants," such reference shall include DOES 1 through 50.

14.     Whenever reference is made in this Complaint to any act or omission of an entity defendant, such allegations shall be deemed to mean that said defendant, and its officers, directors, managers, agents and employees, did or authorized such act while actively engaged in the management, direction, or control of the officers of said defendant, and each of them, while acting within the scope of their employment.

---

[1] Unless otherwise indicated, all subsequent section references are to the Business and Professions Code.

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

15.     Whenever reference is made in this Complaint to any act of defendants, such allegations shall be deemed to mean the act of each defendant acting individually, jointly, and severally.

16.     At all relevant times, each defendant acted as a principal, agent, employee, owner, operator, contractor, or representative of each of the other defendants and acted within the course and scope of said agency or representation with respect to the acts herein alleged.

17.     At all relevant times, each defendant knew or realized that the other defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.  Knowing or realizing that other defendants were engaged or planning to engage in such unlawful conduct, each defendant nevertheless facilitated or aided and abetted the commission of those unlawful acts.  Each defendant intended to and did encourage, facilitate, aid and abet, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

## JURISDICTION, VENUE, AND TOLLING

18.     Pursuant to sections 17203, 17204, and 17206, the District Attorney may bring a civil action in the name of the People of the State of California to enjoin any person who engages, has engaged, or proposes to engage in unfair competition, as defined in section 17200, and to obtain mandatory civil penalties for each act of unfair competition.

19.     Pursuant to sections 17535 and 17536, the District Attorney may bring a civil action in the name of the People of the State of California to enjoin any person who violates or proposes to violate section 17500 (false and misleading advertising), and to obtain mandatory civil penalties for each violation.

20.     Defendants at all times mentioned herein have transacted business within and throughout the State of California, including Santa Barbara and Riverside Counties.  The violations hereinafter described have been carried out, in whole or in part, within the State of California, including Santa Barbara and Riverside Counties.

///
///
///

21.     The actions of Defendants, individually, jointly, and severally, as set out below, are in violation of the laws and public policy of the State of California.  The Court has jurisdiction pursuant to Article 6, Section 10 of the California Constitution and section 393 of the Code of Civil Procedure.

22.     Plaintiff and Defendants have entered into a series of agreements to toll any applicable statute of limitations.  As a result of those agreements, each day from June 26, 2023 up to and including August 30, 2024 (the "Tolling Period") will not be included in computing the time limited by any statute of limitations applicable to any and all causes of action brought against Defendants based on claims covered by the Tolling Agreement.  Those claims include each and every cause of action alleged in this Complaint.

## STATUTORY BACKGROUND

23.     Sections 17200 through 17210 are known as the Unfair Competition Law ("UCL").

24.     "Unfair competition" is defined in section 17200 as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

25.     Pursuant to section 17206, subdivision (a), any person who engages, has engaged, or proposes to engage in unfair competition shall be liable for a civil penalty not to exceed $2,500 for each violation.

26.     Pursuant to section 17203, "[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

27.     Pursuant to section 17205, the remedies or penalties provided by the UCL are cumulative to each other and to the remedies or penalties available under all other laws of this state.

///

28.     Sections 17500 through 17606 are known as the False Advertising Law ("FAL").

29.     Section 17500 makes it unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services to disseminate any statement, concerning that real or personal property or those services, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

30.     Pursuant to section 17535, any person who violates or proposes to violate section 17500 may be enjoined in any court of competent jurisdiction and the court may make such orders or judgments to prevent the use of any practices which constitute false advertising, or as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such false advertising.

31.     Pursuant to section 17536, any person who violates section 17500 shall be liable for a civil penalty not to exceed $2,500 for each violation.

32.     Pursuant to section 17534.5, the remedies or penalties provided by the FAL are cumulative to each other and to the remedies or penalties available under all other laws of the state.

## **GENERAL ALLEGATIONS**

33.     Since at least June 27, 2019 NCPRF operated an online, computer-based certification program for cardiopulmonary resuscitation ("CPR") via the website https://nationalcprfoundation.com/.

34.     Defendant Michael Angelo Paladino has been the sole Managing Member of NCRPF since its inception.

35.     The CPR certification program offered by NCPRF has been and is entirely online and does not include any in-person or hands-on training.

36.     NCPRF does not require consumers to review any coursework to obtain a CPR certificate and informs consumers that they have "the option of skipping the course modules and heading straight to the final test."

///

///

37. NCPRF provides consumers with unlimited chances to retake the NCPRF test and receive a passing score.

38. NCPRF provides a CPR certificate to consumers who pass a ten-question test and pay NCPRF approximately $12.95.

39. NCPRF has not offered and does not offer any in-person or hands-on training as part of its CPR certification program.

40. On NCPRF's website (https://nationalcprfoundation.com/), Defendants have represented to California consumers that its certification program "strictly adheres" to OSHA and AHA guidelines by making the following false and misleading statements:

    a. "Online Certification Courses Strictly Adhere to OHSA!"

    b. "National CPR Foundation (NCPRF) strictly adheres to the Occupational Safety and Health Administration's (OSHA) guidelines and meets the American Heart Association (AHA) Standards."



///
///
///

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

## Courses & CPR Classes
We're dedicated to teaching life-saving techniques to the world.

 **Easy to Understand**
Enjoy a state-of-the-art user interface that is clearly arranged, simple, touch-friendly, and quick to operate.

 **Multi-Platform**
Our Curriculum can be accessed across multiple platforms from PC's and Mobile to Tablets.

 **Shipped Daily**
Don't wait weeks to receive your order! When you purchase, we ship - with our rush delivery technology.

## Courses
**National CPR Foundation (NCPRF)** strictly adheres to the **Occupational Safety and Health Administration's (OSHA)** guidelines and meets the **American Heart Association (AHA)** Standards. We're a Premium Online Certification Provider for Healthcare Providers, Workplace Individuals and the Community. We offer a 100% risk-free, money-back guarantee on all Courses! **Made Quick, Easy & Simple!**

41.     NCPRF's CPR certification program does not "strictly adhere[] to the Occupational Safety and Health Administration's (OSHA) guidelines" because:

      a.     OSHA requires CPR training to include both written and practical components.

      b.     OSHA's Director of Enforcement Programs rejected online-only CPR training in 2012, stating the following:

> ***Online training alone would not meet the requirements of these training standards***. The word "train" is defined as "[t]o make proficient with special instruction and practice," Webster's II New Collegiate Dictionary, 1995, p. 1,169. These standards require training in physical skills, such as bandaging and CPR. ***The only way these physical skills can be learned is by actually practicing them***.

[*https://www.osha.gov/laws-regs/standardinterpretations/2012-08-02,* Emphasis added.]

42.     The AHA course that is designed for those requiring training to meet OSHA or other regulatory agency requirements, called Heartsaver Total, requires both cognitive and hands-on sessions to complete the course.

///

///

///

///

///

43.     On NCPRF's website (https://nationalcprfoundation.com/), Defendants have represented to California consumers that the coursework for its CPR certification programs is "accredited" by making false and misleading statements such as the following:



44.     The coursework for NCPRF programs is not accredited by any independent organization, entity, or agency.

45.     Defendants have bestowed "accreditation" on NCPRF's own coursework.

46.     Defendants have deceptively represented to California consumers that their CPR certificates are accepted by all employers by making false and misleading statements such as the following:



**Nationally & Internationally Accepted**

All of National CPR Foundation's Certification Courses are **Nationally & Internationally Accepted.** Since we're based in the U.S. and follow the AHA and ECC/ILCOR (the U.S. Standard) our National and International acceptance rate is exceptionally high, at 99.7%.

9

Are your certificates approved by my employer and/or state?   ⌄

Our certification and coursework follow the guidelines of the AHA and ECC/ILCOR—meaning: all certificates are accepted.

47.     Multiple California consumers paid for NCPRF's CPR certification program only to learn that their employers would not accept a CPR certificate from a company that provided only online training without an in-person or hands-on component.

48.     NCPRF consistently and routinely advertises the price of its CPR certification program in comparison to a higher price that is struck through in red text and with an offer expiration date, which is deceptive and misleading because NCPRF has not and does not ever charge the higher price—meaning that the offer never actually expires.



COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17500**

**(False or Misleading Advertising re: OSHA Guidelines)**

49.     The People restate and incorporate all allegations of the preceding paragraphs.

50.     Beginning on or about August 18, 2020, if not earlier, and continuing to the present, Defendants have violated and continue to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or causing untrue or misleading statements to be made, in the Counties of Santa Barbara and Riverside, and throughout California, with the intent, directly or indirectly, to perform services.

51.     These statements falsely represent that NCPRF's online CPR courses comply with OSHA guidelines.  These statements include, but are not limited to:

      a.   "Online Certification Courses Strictly Adhere to OSHA!"

      b.   "National CPR Foundation (NCPRF) strictly adheres to the Occupational Safety and Health Administration's (OSHA) guidelines[.]"

      c.   "Courses Strictly Adhere to OSHA!  Our online certification courses incorporate the latest scientific guidelines and are aligned with the Occupational Safety and Health Administration's (OSHA) Best Practices."

52.     Defendants knew, or by the exercise of reasonable care should have known, that the statements set forth above were untrue or misleading when made.

53.     Unless enjoined by the Court, Defendants may continue to make such untrue or misleading statements as alleged above.

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17500**

**(False or Misleading Advertising re: AHA Standards)**

54.     The People restate and incorporate all allegations of the preceding paragraphs.

55.     Beginning on or about August 18, 2020, if not earlier, and continuing to the present, Defendants have violated and continue to violate Business and Professions Code section 17500 by

11

making or disseminating untrue or misleading statements, or causing untrue or misleading statements to be made, in the Counties of Santa Barbara and Riverside, and throughout California, with the intent, directly or indirectly, to perform services.

56.    These statements falsely represent that NCPRF's online CPR courses meet AHA standards and are AHA compliant.  These statements include, but are not limited to:

        a.    "National CPR Foundation (NCPRF) ... meets the American Heart Association (AHA) Standards."

        b.   "Our Accredited Certification coursework are AHA & ECC/ILCOR 2020 Complaint!"

        c.   "Our certification and coursework follow the guidelines of the AHA and ECC/ILCOR[.]"

### THIRD CAUSE OF ACTION

### VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17500

### (False or Misleading Advertising re: AHA Benefits to Trainees)

57.    The People restate and incorporate all allegations of the preceding paragraphs.

58.    Beginning on or about August 18, 2020, if not earlier, and continuing to the present, Defendants have violated and continue to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or causing untrue or misleading statements to be made, in the Counties of Santa Barbara and Riverside, and throughout California, with the intent, directly or indirectly, to perform services.

59.    These statements falsely represent that NCPRF's online CPR courses afford the same benefits to trainees as AHA in-person training.  These statements include, but are not limited to:

        a.   "[T]hose who pass the course will enjoy all of the same benefits as those receiving in-person instruction straight from the American Heart Association."

60.    Defendants knew, or by the exercise of reasonable care should have known, that the statements set forth above were untrue or misleading when made.

///

61.     Unless enjoined by the Court, Defendants may continue to make such untrue or misleading statements as alleged above.

62.     "Are your certificates approved by my employer and/or state?  Our certification and coursework follow the guidelines of the AHA and ECC/ILCOR- meaning: all certificates are accepted."

## **FOURTH CAUSE OF ACTION**

### **VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17500**

### **(False or Misleading Advertising re: Accreditation)**

63.     The People restate and incorporate all allegations of the preceding paragraphs.

64.     Beginning on or about August 18, 2020, if not earlier, and continuing to the present, Defendants have violated and continue to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or causing untrue or misleading statements to be made, in the Counties of Santa Barbara and Riverside, and throughout California, with the intent, directly or indirectly, to perform services.

65.     These statements falsely represent that NCPRF's online CPR courses are "accredited." These statements include, but are not limited to:

        a.    "Online Certification Accreditation: Our Accredited Certification coursework are
              AHA & ECC/ILCOR 2020 Complaint!  Certification endorsed by AHA
              experienced Health Providers!"

66.     Defendants knew, or by the exercise of reasonable care should have known, that the statements set forth above were untrue or misleading when made.

67.     Unless enjoined by the Court, Defendants may continue to make such untrue or misleading statements as alleged above.

///

///

///

///

///

13

## FIFTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17500

### (False or Misleading Advertising re: Certificate Acceptance)

68.     The People restate and incorporate all allegations of the preceding paragraphs.

69.     Beginning on or about August 18, 2020, if not earlier, and continuing to the present, Defendants have violated and continue to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or causing untrue or misleading statements to be made, in the Counties of Santa Barbara and Riverside, and throughout California, with the intent, directly or indirectly, to perform services.

70.     These statements falsely represent that NCPRF's online CPR course certification is "accepted" by all.  These statements include, but are not limited to:

        a.   "Are your certificates approved by my employer and/or state?  Our certification and coursework follow the guidelines of the AHA and ECC/ILCOR- meaning: all certificates are accepted."

71.     Defendants knew, or by the exercise of reasonable care should have known, that the statements set forth above were untrue or misleading when made.

72.     Unless enjoined by the Court, Defendants may continue to make such untrue or misleading statements as alleged above.

## SIXTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200

### (Unfair Competition, FAL Violations re: OSHA Guidelines)

73.     The People restate and incorporate all allegations of the preceding paragraphs.

74.     Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to one or more unlawful, unfair, or fraudulent business practices.  Such acts and/or practices engaged in by Defendants include, but are not limited to:

1    a. Violating Business and Professions Code section 17500, as more particularly

2     described in the First Cause of Action of this Complaint.

3   75.  Unless enjoined by the Court, Defendants may continue to engage in unfair competition

4 as alleged above.

5   76.  Each and every separate act constitutes an unlawful, unfair and/or fraudulent business

6 practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or

7 fraudulent act, omission or practice is a separate and distinct violation of Business and Professions

8 Code section 17200.

9

10         **<u>SEVENTH CAUSE OF ACTION</u>**

11     **VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200**

12     **(Unfair Competition, FAL Violations re: AHA Standards)**

13   77.  The People restate and incorporate all allegations of the preceding paragraphs.

14   78.  Beginning on or about August 18, 2019, if not earlier, and continuing to the present,

15 Defendants, and each of them, have engaged in unfair competition in violation of Business and

16 Professions Code section 17200, including but not limited to one or more unlawful, unfair, or

17 fraudulent business practices.  Such acts and/or practices engaged in by Defendants include, but are not

18 limited to:

19    a. Violating Business and Professions Code section 17500, as more particularly

20     described in the Second Cause of Action of this Complaint.

21   79.  Unless enjoined by the Court, Defendants may continue to engage in unfair competition

22 as alleged above.

23   80.  Each and every separate act constitutes an unlawful, unfair and/or fraudulent business

24 practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or

25 fraudulent act, omission or practice is a separate and distinct violation of Business and Professions

26 Code section 17200.

27 ///

28 ///

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

**EIGHTH CAUSE OF ACTION**

**VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200**

**(Unfair Competition, FAL Violations re: AHA Benefits to Trainees)**

81.    The People restate and incorporate all allegations of the preceding paragraphs.

82.    Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to one or more unlawful, unfair, or fraudulent business practices. Such acts and/or practices engaged in by Defendants include, but are not limited to:

   a.   Violating Business and Professions Code section 17500, as more particularly described in the Third Cause of Action of this Complaint.

83.    Unless enjoined by the Court, Defendants may continue to engage in unfair competition as alleged above.

84.    Each and every separate act constitutes an unlawful, unfair and/or fraudulent business practice. Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or fraudulent act, omission or practice is a separate and distinct violation of Business and Professions Code section 17200.

**NINTH CAUSE OF ACTION**

**VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200**

**(Unfair Competition, FAL Violations re: Accreditation)**

85.    The People restate and incorporate all allegations of the preceding paragraphs.

86.    Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to one or more unlawful, unfair, or fraudulent business practices. Such acts and/or practices engaged in by Defendants include, but are not limited to:

///

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

a.  Violating Business and Professions Code section 17500, as more particularly described in the Fourth Cause of Action of this Complaint.

87.     Unless enjoined by the Court, Defendants may continue to engage in unfair competition as alleged above.

88.     Each and every separate act constitutes an unlawful, unfair and/or fraudulent business practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or fraudulent act, omission or practice is a separate and distinct violation of Business and Professions Code section 17200.

## TENTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200

### (Unfair Competition, FAL Violations re: Certificate Acceptance)

89.     The People restate and incorporate all allegations of the preceding paragraphs.

90.     Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to one or more unlawful, unfair, or fraudulent business practices.  Such acts and/or practices engaged in by Defendants include, but are not limited to:

a.  Violating Business and Professions Code section 17500, as more particularly described in the Fifth Cause of Action of this Complaint.

91.     Unless enjoined by the Court, Defendants may continue to engage in unfair competition as alleged above.

92.     Each and every separate act constitutes an unlawful, unfair and/or fraudulent business practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or fraudulent act, omission or practice is a separate and distinct violation of Business and Professions Code section 17200.

///

///

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

**ELEVENTH CAUSE OF ACTION**

**VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200**

**(Unfair Competition, Advertising re: OSHA Guidelines)**

93.     The People restate and incorporate all allegations of the preceding paragraphs.

94.     Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to deceptive, untrue or misleading advertising.

95.     Such advertising by Defendants includes statements falsely representing that NCPRF's online CPR courses comply with OSHA guidelines.  These statements include, but are not limited to:

        a.   "Online Certification Courses Strictly Adhere to OSHA!"

        b.   "National CPR Foundation (NCPRF) strictly adheres to the Occupational Safety and Health Administration's (OSHA) guidelines[.]"

        c.   "Courses Strictly Adhere to OSHA!  Our online certification courses incorporate the latest scientific guidelines and are aligned with the Occupational Safety and Health Administration's (OSHA) Best Practices."

96.     Unless enjoined by the Court, Defendants may continue to engage in unfair competition as alleged above.

97.     Each and every separate act constitutes an unlawful, unfair and/or fraudulent business practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or fraudulent act, omission or practice is a separate and distinct violation of Business and Professions Code section 17200.


**TWELFTH CAUSE OF ACTION**

**VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200**

**(Unfair Competition, Advertising re: AHA Standards)**

98.     The People restate and incorporate all allegations of the preceding paragraphs.

///

18

99.     Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to deceptive, untrue or misleading advertising.

100.     Such advertising by Defendants includes statements falsely representing that NCPRF's online CPR courses meet AHA standards and are AHA compliant.  These statements include, but are not limited to:

  a.   "National CPR Foundation (NCPRF) ... meets the American Heart Association (AHA) Standards."

  b.   "Our Accredited Certification coursework are AHA & ECC/ILCOR 2020 Complaint!"

  c.   "Our certification and coursework follow the guidelines of the AHA and ECC/ILCOR[.]"

101.     Unless enjoined by the Court, Defendants may continue to engage in unfair competition as alleged above.

102.     Each and every separate act constitutes an unlawful, unfair and/or fraudulent business practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or fraudulent act, omission or practice is a separate and distinct violation of Business and Professions Code section 17200.

## THIRTEENTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200

### (Unfair Competition, Advertising re: AHA Benefits to Trainees)

103.     The People restate and incorporate all allegations of the preceding paragraphs.

104.     Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to deceptive, untrue or misleading advertising.

19

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

105.     Such advertising by Defendants includes statements falsely representing that NCPRF's online CPR courses afford the same benefits to trainees as AHA in-person training.  These statements include, but are not limited to:

        a.     "[T]hose who pass the course will enjoy all of the same benefits as those receiving in-person instruction straight from the American Heart Association."

106.     Unless enjoined by the Court, Defendants may continue to engage in unfair competition as alleged above.

107.     Each and every separate act constitutes an unlawful, unfair and/or fraudulent business practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or fraudulent act, omission or practice is a separate and distinct violation of Business and Professions Code section 17200.

## FOURTEENTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200

### (Unfair Competition, Advertising re: Accreditation)

108.     The People restate and incorporate all allegations of the preceding paragraphs.

109.     Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to deceptive, untrue or misleading advertising.

110.     Such advertising by Defendants includes statements falsely representing that NCPRF's online CPR courses are "accredited."  These statements include, but are not limited to:

        a.     "Online Certification Accreditation: Our Accredited Certification coursework are AHA & ECC/ILCOR 2020 Complaint!  Certification endorsed by AHA experienced Health Providers!"

111.     Unless enjoined by the Court, Defendants may continue to engage in unfair competition as alleged above.

///

112.     Each and every separate act constitutes an unlawful, unfair and/or fraudulent business practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or fraudulent act, omission or practice is a separate and distinct violation of Business and Professions Code section 17200.

**FIFTEENTH CAUSE OF ACTION**

**VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200**

**(Unfair Competition, Advertising re: Certificate Acceptance)**

113.     The People restate and incorporate all allegations of the preceding paragraphs.

114.     Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to deceptive, untrue or misleading advertising.

115.     Such advertising by Defendants includes statements falsely representing that NCPRF's online CPR course certification is "accepted" by all.  These statements include, but are not limited to:

      a.   "Are your certificates approved by my employer and/or state?  Our certification and coursework follow the guidelines of the AHA and ECC/ILCOR- meaning: all certificates are accepted."

116.     Unless enjoined by the Court, Defendants may continue to engage in unfair competition as alleged above.

117.     Each and every separate act constitutes an unlawful, unfair and/or fraudulent business practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or fraudulent act, omission or practice is a separate and distinct violation of Business and Professions Code section 17200.

///

///

///

///

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTEENTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17500

### (False or Misleading Advertising re: Comparison Pricing)

118.     The People restate and incorporate all allegations of the preceding paragraphs.

119.     Beginning on or about August 18, 2020, if not earlier, and continuing to the present, Defendants have violated and continue to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or causing untrue or misleading statements to be made, in the Counties of Santa Barbara and Riverside, and throughout California, with the intent, directly or indirectly, to perform services.

120.     These statements constitute strikethrough prices in red text directly adjacent to the prices actually charged for NCPRF's online CPR course.

121.     These statements also constitute purported expiration dates for the offer of the lower price, but the offers never actually expire.

122.     The actual price charged is always the lower price, and the higher struck-through price is not paid by any customers.

123.     These statements are untrue and/or misleading because they imply that the course has a true value higher than the price actually charged and that the struck-through price is actually the prevailing price that other customers pay.

124.     Defendants knew, or by the exercise of reasonable care should have known, that the statements set forth above were untrue or misleading when made.

125.     Unless enjoined by the Court, Defendants may continue to make such untrue or misleading statements as alleged above.

### SEVENTEENTH CAUSE OF ACTION

### VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200

### (Unfair Competition, FAL Violations re: Comparison Pricing)

126.     The People restate and incorporate all allegations of the preceding paragraphs.

*///*

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

127.     Beginning on or about August 18, 2019, if not earlier, and continuing to the present, Defendants, and each of them, have engaged in unfair competition in violation of Business and Professions Code section 17200, including but not limited to one or more unlawful, unfair, or fraudulent business practices.  Such acts and/or practices engaged in by Defendants include, but are not limited to:

       a.   Violating Business and Professions Code section 17500, as more particularly described in the Sixteenth Cause of Action of this Complaint.

128.     Unless enjoined by the Court, Defendants may continue to engage in unfair competition as alleged above.

129.     Each and every separate act constitutes an unlawful, unfair and/or fraudulent business practice.  Each day that Defendants, and each of them, engaged in each separate unlawful, unfair and/or fraudulent act, omission or practice is a separate and distinct violation of Business and Professions Code section 17200.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief as to each Defendant:

1.     A preliminary and permanent injunction, issued pursuant to Business and Professions Code section 17203, prohibiting Defendants, and each of them, from engaging in activity that violates the provisions of the Business and Professions Code, and all other business acts or practices which constitute unfair competition within the meaning of Business and Professions Code section 17200.

2.     A preliminary and permanent injunction, issued pursuant to Business and Professions Code section 17535, prohibiting Defendants, and each of them, from engaging in practices that violate Business and Professions Code section 17500.

3.     Civil penalties against Defendants, and each of them, pursuant to Business and Professions Code section 17206 for each act of unfair competition engaged in by Defendants, and each of them, in an amount according to proof, but not less than $1,000,000.00.

4.     Civil penalties against Defendants, and each of them, pursuant to Business and Professions Code section 17536 for each violation of Business and Professions Code section 17500

committed by Defendants, and each of them, in an amount according to proof, but not less than $1,000,000.00.

      5.      Such other and further relief as the Court deems just and proper.

Dated:    Oct. 22, 2024
_____

JOHN T. SAVRNOCH
District Attorney, Santa Barbara County

By: _____
CHRISTOPHER B. DALBEY
Senior Deputy District Attorney

Dated:    Oct. 22, 2024
_____

MICHAEL A. HESTRIN
District Attorney, Riverside County

By:     */s/ Lauren Dossey*
_____
LAUREN DOSSEY
Deputy District Attorney

COMPLAINT FOR INJUNCTION, CIVIL PENALTIES, AND OTHER RELIEF

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL CPR FOUNDATION LLC, a Nevada Limited Liability Company;
MICHAEL ANGELO PALADINO, an individual and Managing Member of
NATIONAL CPR FOUNDATION LLC; and Does 1-50, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

The People of the State of California

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/22/2024 2:13 PM
By: Naylea Calderon , Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Barbara Superior Court

1100 Anacapa Street
Santa Barbara, CA 93101

CASE NUMBER:
*(Número del Caso):*   24CV05905

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Christopher B. Dalbey, 1112 Santa Barbara Street, Santa Barbara, CA 93101, 805-568-2300

| DATE: | 10/22/2024 | Clerk, by | /s/ Naylea Calderon | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 1100 Anacapa Street<br>CITY AND ZIP CODE: Santa Barbara CA 93101<br>BRANCH NAME: Anacapa | **FILED**<br>SUPERIOR COURT of CALIFORNIA<br>COUNTY of SANTA BARBARA<br>**10/23/2024**<br>Darrel E. Parker, Executive Officer<br>BY  Calderon, Naylea<br>Deputy Clerk |
| CAPTION:<br><br>**The People of the State of California vs National CPR Foundation LLC et al** | |
| **ORDER AND NOTICE OF CASE ASSIGNMENT;<br>NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**24CV05905** |

The above case is hereby assigned to Judge **Thomas P Anderle** for ALL purposes, including trial.  All future matters, including ex-parte matters, are to be scheduled with the assigned judge.  Counsel shall include the name of the assigned judge in the caption of every document filed with the court.  The above-entitled case is hereby ordered set for:

**Case Management Conference on 02/19/2025 at 8:30 AM in SB Dept 3 at the court address above.**

PLAINTIFF SHALL GIVE NOTICE of this assignment to ALL parties brought into the case, including but not limited to defendants, cross-defendants and intervenors.  A Proof of Service of this ORDER & NOTICE OF CASE ASSIGNMENT is to be filed with the Court within five (5) working days after service.  Failure to give notice and file proof thereof or failure to appear may result in the imposition of sanctions.  Pursuant to California Rule of Court 3.725, no later than fifteen (15) calendar days before the date set for the Case Management Conference, each party must file a Case Management Statement (Judicial Council form CM110).  In lieu of each party filing a separate Case Management Statement, any two or more parties may file a joint statement.

Appearance by Zoom video conference is currently optional for Civil Case Management Conferences.
Please refer to the court's website for information about remote proceedings
https://santabarbara.courts.ca.gov/system/files/inforemoteappearances.pdf.
Use the links provided to access the Remote Hearing Information flyer in English
https://www.santabarbara.courts.ca.gov/system/files/general/zoom-information-civil-2023-edit-v5.pdf,and in Spanish
https://santabarbara.courts.ca.gov/system/files/zoom_instructionssp.pdf.  Or visit the to the court's website at
https://santabarbara.courts.ca.gov/ and click on Remote Appearance by Zoom.

At the Court's discretion counsel, parties and insurance representatives (if any) with full settlement authority may be required to attend a CADRe Information Meeting within ten (10) days of the Conference date.

Dated:  10/23/2024

*Pauline Maxwell*

Judge of the Superior Court
Pauline Maxwell

---

**CLERK'S CERTIFICATE OF SERVICE**

I certify that I am not a party to this cause, and that a true copy of this document was electronically served or mailed first class, postage prepaid in a sealed envelope addressed as shown, and that the electronic service or mailing of the foregoing and execution of this certificate occurred at *(place)* Santa Barbara, California on *(date)*: 10/23/2024

Lauren Dossey
District Attorney of Riverside County
Consumer Protection Unit
3960 Orange Street
Riverside CA  92501

Christopher B. Dalbey
District Attorney of Santa Barbara County
1112 Santa Barbara Street
Santa Barbara, CA 93101

Darrel E. Parker, Executive Officer

By _____ Naylea Calderon _____ , Deputy

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John T. Savrnoch, District Attorney<br>Christopher B. Dalbey, Sr. Deputy District Attorney (285562)<br>1112 Santa Barbara Street<br>Santa Barbara, CA 93101<br><br>TELEPHONE NO.: 805-568-2300        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* cdalbey@countyofsb.org<br>ATTORNEY FOR *(Name):* The People of the State of California | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>10/28/2024 10:28 AM<br>By: Naylea Calderon , Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA |
|---|
| STREET ADDRESS: 1100 Anacapa Street |
| MAILING ADDRESS: 1100 Anacapa Street |
| CITY AND ZIP CODE: Santa Barbara 93101 |
| BRANCH NAME: Anacapa |

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: National CPR Foundation LLC et al. | 24CV05905 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      National CPR Foundation LLC

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Jeffrey M. Rosenfeld, attorney for party served.

4. Address where the party was served:
   150 Post Street, Ste. 520  San Francisco, CA 94108

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party  (1) on *(date):*                    (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):*                at *(time):*        I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*            from *(city):*                   or ☐  a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER: People Of the State Of California<br>DEFENDANT/RESPONDENT: National CPR Foundation LLC | CASE NUMBER:<br>24CV06905 |

5.  c.  [ x ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)  on *(date):* 10/23/2024        (2)  from *(city):* Santa Barbara

      (3)  [ x ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

      (4)  [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

     [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [ ]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of *(specify):*

  c.  [ ]  as occupant.

  d.  [ x ]  On behalf of *(specify):* National CPR Foundation LLC

     under the following Code of Civil Procedure section:

        [ ] 416.10 (corporation)            [ ] 415.95 (business organization, form unknown)

        [ ] 416.20 (defunct corporation)        [ ] 416.60 (minor)

        [ ] 416.30 (joint stock company/association)   [ ] 416.70 (ward or conservatee)

        [ ] 416.40 (association or partnership)     [ x ] 416.90 (authorized person)

        [ ] 416.50 (public entity)              [ ] 415.46 (occupant)

                                        [ x ] other: Corp. Code 17701.16

7.  **Person who served papers**

  a.  Name: Aliah Alvaro

  b.  Address: 1112 Santa Barbara Street, Santa Barbara CA 93101

  c.  Telephone number: 805-568-2300

  d.  **The fee** for service was: $ 0

  e.  I am:

     (1)  [ ] not a registered California process server.

     (2)  [ ✓ ] exempt from registration under Business and Professions Code section 22350(b).

     (3)  [ ] a registered California process server:

        (i)  [ ] owner    [ ] employee    [ ] independent contractor.

        (ii)  Registration No.:

        (iii)  County:

8.  [ x ]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 10/28/2024

Aliah Alvaro                          ▶   *(signature)*
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)

---

POS-010 [Rev. January 1, 2007]      **PROOF OF SERVICE OF SUMMONS**      Page 2 of 2

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   [ Print this form ]  [ Save this form ]    [ Clear this form ]

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 285562<br>Christopher B. Dalbey, Sr. Deputy District Attorney<br>1112 Santa Barbara Street<br>Santa Barbara, CA 93101 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: 805-568-2300     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* cdalbey@countyofsb.org
ATTORNEY FOR *(Name):* The People of the State of California

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
    STREET ADDRESS: 1100 Anacapa Streeet
    MAILING ADDRESS: 1100 Anacapa Street
    CITY AND ZIP CODE: Santa Barbara 93101
    BRANCH NAME: Anacapa

PLAINTIFF/PETITIONER: The People of the State of California

DEFENDANT/RESPONDENT: National CPR Foundation LLC et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>24CV05905 |
|---|---|

TO *(insert name of party being served):* National CPR Foundation LLC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 23, 2024

Aliah Alvaro
        *(TYPE OR PRINT NAME)*

▶ _____
    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: Oct 25, 2024

Jeffrey M. Rosenfeld    National CPR Foundation LLC and Michael Angelo Paladino
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
  ON WHOSE BEHALF THIS FORM IS SIGNED)

*Jeffrey M. Rosenfeld*
Jeffrey M. Rosenfeld (Oct 25, 2024 12:47 PDT)

▶ Attorney for Defendants
  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John T. Savrnoch, District Attorney<br>Christopher B. Dalbey, Sr. Deputy District Attorney (285562)<br>1112 Santa Barbara Street<br>Santa Barbara, CA 93101<br>TELEPHONE NO.: 805-568-2300    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* cdalbey@countyofsb.org<br>ATTORNEY FOR *(Name):* The People of the State of California | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Barbara<br>Darrel E. Parker, Executive Officer<br>10/28/2024 10:28 AM<br>By: Naylea Calderon , Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA<br>STREET ADDRESS: 1100 Anacapa Street<br>MAILING ADDRESS: 1100 Anacapa Street<br>CITY AND ZIP CODE: Santa Barbara 93101<br>BRANCH NAME: Anacapa | |

| PLAINTIFF/PETITIONER: People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: National CPR Foundation LLC et al. | 24CV05905 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Michael Angelo Paladino

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
          under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
          Jeffrey M. Rosenfeld, attorney for party served.

4. Address where the party was served:
   150 Post Street, Ste. 520  San Francisco, CA 94108

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party  (1) on *(date):*                    (2) at *(time):*

   b. [ ] **by substituted service.** On *(date):*              at *(time):*         I left the documents listed in item 2 with or
          in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
              of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
              place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
              address of the person to be served, other than a United States Postal Service post office box. I informed
              him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
              at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
              *(date):*              from *(city):*                    or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

POS-010

| PLAINTIFF/PETITIONER: The People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: National CPR Foundation LLC | 24 CV05105 |

5.  c.  [x]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):* 10/23/2024      (2) from *(city):* Santa Barbara

    (3)  [x]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [x]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of  *(specify):*

  c.  [ ]  as occupant.

  d.  [ ]  On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  **Person who served papers**

  a.  Name: Aliah Alvaro

  b.  Address: 1112 Santa Barbara Street, Santa Barbara CA 93101

  c.  Telephone number: 805-568-2300

  d.  **The fee** for service was: $ 0

  e.  I am:

    (1)  [ ]  not a registered California process server.

    (2)  [✓]  exempt from registration under Business and Professions Code section 22350(b).

    (3)  [ ]  a registered California process server:

      (i)  [ ] owner    [ ] employee    [ ] independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  [x]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 10/28/2024

Aliah Alvaro                    ▶ *Aliah Alvaro*
_____        _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

POS-010 [Rev. January 1, 2007]      **PROOF OF SERVICE OF SUMMONS**      Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]    [ Clear this form ]

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: 285562<br>Christopher B. Dalbey, Sr. Deputy District Attorney<br>1112 Santa Barbara Street<br>Santa Barbara, CA 93101<br><br>TELEPHONE NO.: 805-568-2300   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: cdalbey@countyofsb.org<br>ATTORNEY FOR *(Name)*: The People of the State of California | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA BARBARA
 STREET ADDRESS: 1100 Anacapa Streeet
 MAILING ADDRESS: 1100 Anacapa Street
 CITY AND ZIP CODE: Santa Barbara 93101
 BRANCH NAME: Anacapa

PLAINTIFF/PETITIONER: The People of the State of California

DEFENDANT/RESPONDENT: National CPR Foundation LLC et al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>24CV05905 |

TO *(insert name of party being served)*: Michael Angelo Paladino

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 23, 2024

Aliah Alvaro
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]   A copy of the summons and of the complaint.
2. [ ]   Other *(specify)*:

*(To be completed by recipient)*:

Date this form is signed: Oct 25, 2024

*Jeffrey M. Rosenfeld*
Jeffrey M. Rosenfeld (Oct 25, 2024 11:23 PDT)

Jeffrey M. Rosenfeld   National CPR Foundation LLC and Michael Angelo Paladino
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Attorney for Defendants
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 285562 | FOR COURT USE ONLY |
|---|---|---|

NAME: Christopher B. Dalbey, Sr. Deputy District Attorney
FIRM NAME: Santa Barbara County District Attorney's Office
STREET ADDRESS: 1112 Santa Barbara Street
CITY: Santa Barbara    STATE: CA    ZIP CODE: 93101
TELEPHONE NO.: 805-568-2300    FAX NO.:
E-MAIL ADDRESS: cdalbey@countyofsb.org
ATTORNEY FOR (name): The People of the State of California

**FOR COURT USE ONLY**

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/28/2024 1:39 PM
By: Terri Chavez , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA BARBARA
STREET ADDRESS: 1100 Anacapa Street
MAILING ADDRESS: 1100 Anacapa Street
CITY AND ZIP CODE: Santa Barbara 93101
BRANCH NAME: Anacapa

PLAINTIFF/PETITIONER: People of the State of California

DEFENDANT/RESPONDENT: National CPR Foundation LLC et al.

**PROOF OF ELECTRONIC SERVICE**

CASE NUMBER:
24CV05905

JUDICIAL OFFICER:
Thomas P. Anderle

DEPARTMENT:
3

1. I am at least 18 years old.

   a. My residence or business address is *(specify):*
      1112 Santa Barbara Street
      Santa Barbara, CA 93101

   b. My electronic service address is *(specify):*
      aalvaro@countyofsb.org

2. I electronically served the following documents *(exact titles):*
   Order and Notice of Case Assignment;
   Notice of Case Management Conference

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served:

      On behalf of *(name or names of parties represented, if person served is an attorney):*

   b. Electronic service address of person served *:*

   c. On *(date):*

      ☒ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: 10/28/2024

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Aliah Alvaro
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Aliah Alvaro*
_____
(SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form

POS-050(P)/EFS-050(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The People of the State of California vs National CPR Foundation LLC et al. | 24CV05905 |

## ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
*(This attachment is for use with form POS-050/EFS-050.)*
### NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:

| **Name of Person Served** | **Electronic Service Address** | **Date of Electronic Service** |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | | |
| | jeff@kr.law | Date: 10/28/2024 |
| | liana@kr.law | Date: 10/28/2024 |
| | galen@kr.law | Date: 10/28/2024 |
| | paralegals@kr.com | Date: 10/28/2024 |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |

Form Approved for Optional Use
Judicial Council of California
POS-050(P)/EFS-050(P)
[Rev. February 1, 2017]

**ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)**
(Proof of Service/Electronic Filing and Service)

Page 1 of 1

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]   [ Clear this form ]