UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10071-RGK-MAA | Date | February 6, 2025 |
|---|---|---|---|
| Title | *The People of the State of California v. National CPR Foundation LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 22]

## I.   INTRODUCTION

On October 22, 2024, the People of the State of California ("Plaintiff") filed a Complaint against National CPR Foundation LLC and its managing member, Michael Angelo Paladino (collectively, "Defendants") in Santa Barbara Superior Court, asserting claims for false advertising and unfair competition under California law. (ECF No. 1-1.) On November 21, 2024, Defendants removed the action to this Court on the basis of federal question jurisdiction. (ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand and Attorneys' Fees. For the following reasons, the Court **GRANTS** the Motion **in part**.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following in its Complaint:

Defendants operate an online, computer-based certification program for cardiopulmonary resuscitation (CPR). In their advertising, Defendants represented that their CPR certification program:

(A)   strictly adheres to the federal Occupational Safety and Health Administration's (OSHA) guidelines;

(B)   meets the American Heart Association's (AHA) standards;

(C)   would provide the same benefits as in-person instruction from the AHA;

(D)   is accredited;

(E)   is accepted by all employers who require their employees to be CPR certified; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                                    JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10071-RGK-MAA | Date | February 6, 2025 |
|---|---|---|---|
| Title | *The People of the State of California v. National CPR Foundation LLC et al.* | | |

    (F)    is normally available for a higher price, but was on sale at a lower, discounted price.

However, these representations were false.

### III.  JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction exists either when a claim "aris[es] under the Constitution, laws, or treaties of the United States" or when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C §§ 1331–32. Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of evidence that removal is proper. *Id.* at 566.

### IV.  DISCUSSION

Plaintiff asserts seventeen claims:

(1)–(6): false advertising based on misrepresentations (A)–(F);

(7)–(12): unfair competition based on false advertising claims (1)–(6); and

(13)–(17): unfair competition based on misrepresentations (A)–(E).

Defendants removed this action on the basis of federal question jurisdiction. Plaintiff moves to remand, arguing that there is no federal question jurisdiction. Plaintiff also argues that Defendants' removal was plainly unreasonable and warrants an award of fees and costs. The Court first addresses federal question jurisdiction.

    **A.**    **Federal Question Jurisdiction**

28 U.S.C. § 1331 provides federal courts with jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." This form of jurisdiction, known as federal question jurisdiction, arises either: (1) when a federal right or immunity is "an essential [element] of the plaintiff's cause of action"; or (2) when a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 11 (1983); *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10071-RGK-MAA | Date | February 6, 2025 |
|---|---|---|---|
| Title | *The People of the State of California v. National CPR Foundation LLC et al.* | | |

Under the second situation, federal question jurisdiction does not exist merely where a court *may* have to apply federal laws; it exists only where "the vindication of a right under state law *necessarily* turn[s] on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9–10 (1983) (emphasis added). Thus, "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Rains v. Criterion Sys., Inc.*, 80 F. 3d 339, 346 (9th Cir. 1996)).

Here, the parties dispute whether there is federal question jurisdiction under the second situation. Defendants argue that there is federal question jurisdiction because Plaintiff asserts three claims based on their alleged misrepresentation that it complies with federal OSHA regulations. These three claims therefore "necessarily turn on" the construction of the federal OSHA regulations. Plaintiff disagrees, arguing that Defendants are construing the claims too literally. While Plaintiff broke out each misrepresentation into its own set of claims, the misrepresentations should be construed as alternate theories for false advertising and unfair competition. In other words, rather than treat the Complaint as asserting seventeen distinct claims—some based solely on federal law, and others based solely on state law—Plaintiff argues that the Court should consider the Complaint as asserting two claims for false advertising and unfair competition based on state law and federal law theories. The Court agrees with Plaintiff.

Though Defendants are correct that Plaintiff, by breaking out its claims by misrepresentation rather than law, technically asserts claims based solely on misrepresentations about federal OSHA regulations, it is clear from the face of the Complaint that these misrepresentations are simply competing theories that were separated for clarity. Whether Defendants are liable for false advertising or unfair competition does not necessarily turn on the construction of federal OSHA regulations. These regulations relate to only one theory out of six. Thus, there is no federal question jurisdiction.

Accordingly, the Court **REMANDS** the action to state court.

**B.    Fees and Costs**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendants' removal does not appear objectively unreasonable. Defendants removed this action because Plaintiff broke out its claims in such a way that they technically turned solely on federal issues. While the Court ultimately concluded that this technical view was incorrect, as it ignored

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10071-RGK-MAA | Date | February 6, 2025 |
|---|---|---|---|
| Title | *The People of the State of California v. National CPR Foundation LLC et al.* | | |

Plaintiff's clear intent, the Court does not find Defendants' argument to have been objectively unreasonable so as to warrant an award of fees and costs.

Accordingly, the Court **DENIES** Plaintiff's request for fees and costs.

**V.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand [22] **in part**. The Court **REMANDS** the action to state court but **DENIES** Plaintiff's request for fees and costs.

Defendants National **CPR** Foundation **LLC** and Michael Angelo Paladino's Motion to Dismiss Case [27] is **DENIED AS** MOOT.

All pending dates are vacated

**IT IS SO ORDERED.**

cc: Santa Barbara County Superior Court, 24CV05905

|              |       :       |
|---|---|
| Initials of Preparer | JRE/sf |